IN THE UNITED STATES COURT OF APPEALS
                          FOR THE FIFTH CIRCUIT

                          _____

                              No. 98-40697
                          _____

BRIAN R. PICKETT, M.D.,

                              Plaintiff - Appellant-Cross-Appellee,

                    versus

HCA HOSPITAL CORPORATION, doing business
as Woodland Heights Medical Center, also
known as Woodland Heights Hospital,
Lufkin, Texas, also known as HCA Hospital
Corporation; ET AL.,

                                                    Defendants,

HCA HOSPITAL CORPORATION, doing business
as Woodland Heights Medical Center, also
known as Woodland Heights Hospital,
Lufkin, Texas, also known as HCA Hospital
Corporation,

                              Defendant - Appellee-Cross-Appellant.

---------------------------------------------------------------

                          _____

                              No. 98-40873
                          _____

BRIAN R. PICKETT, M.D.,

                                              Plaintiff-Appellee,

                    versus

HCA HOSPITAL CORPORATION, doing business
as Woodland Heights Medical Center, also
known as Woodland Heights Hospital,
Lufkin, Texas, also known as HCA Hospital
Corporation; ET AL.,

                                                    Defendants,

HCA HOSPITAL CORPORATION, doing business
as Woodland Heights Medical Center, also
known as Woodland Heights Hospital,

Lufkin, Texas, also known as HCA Hospital
Corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(9:96-CV-175)

_____

October 22, 1999

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Dr. Pickett sued the defendant hospital alleging violations of federal and state antitrust law. He also alleged state claims based on tortious interference with his business relationships. We have now considered the record, the briefs, and the oral argument presented in this case, all of which lead us directly to the conclusion that the district court correctly ruled on all matters before it. We are convinced that Dr. Pickett produced no evidence that would create a material factual dispute to prevent the grant of summary judgment on each of the claims he asserted. We therefore affirm the district court and we hold: (1) that the defendant is entitled to immunity under the Health Care Quality Improvement Act (the "HCQIA") on all claims for damages based on activities arising out of the professional peer review action. The defendant is entitled to immunity because the evidence adduced by

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

Dr. Pickett does not rebut the presumption, a presumption provided the hospital by the HCQIA, that the professional peer review action was based upon a reasonable belief that the defendant was acting in the best interest of quality health care; (2) that Dr. Pickett's federal and state antitrust claims fail for lack of satisfactory evidence of a relevant geographic market; and (3) that Dr. Pickett's tortious interference claims fail for lack of proof of damages.

With respect to the defendant's cross-appeal, the district court properly denied its motion for attorney's fees because it made no showing that Dr. Pickett's claims were unfounded. Additionally, there is no merit to the defendant's cross-appeal of the district court's denial of its motion to compel Pickett to return a privileged document.

In sum, the district court is in all respects

A F F I R M E D.